**Rempp Estate**

*John P. Yatsko*, for accountants.

*Walter Phipps, Jr., Fox, Differ, DiGiacomo & Lowe* and *William F. Fox*, for legatees.

TAXIS, P. J., March 5, 1964.—Decedent died on July 18, 1961, leaving a will dated May 19, 1955, probated on July 26, 1961, on which letters were granted to Catherine A. Coyne and Margaret B. Boyle, as executrices. . . .

A question has been raised concerning distribution of 63 shares of stock of Philadelphia National Bank. Decedent's will reads as follows:

"To James Robinson, I bequeath my 21 shares of Stock of The Philadelphia National Bank of Conshohocken, Pa."

At the time of the execution of his will, decedent was the owner of 21 such shares, but on February 1, 1957, the shares were split on a 3 for 1 basis, the par was reduced from $20 to $10 per share, and a certificate for 42 additional shares was issued to decedent. Thereafter and at the time of his death, decedent was the owner of 63 shares of stock of Philadelphia National Bank. No new capital was added and no new shares were purchased after the execution of the will.

While the will is only effective at death, the *intent* of testator governs concerning the identity or value of the legacy. This is governed by the words of the will in relation to the surrounding circumstances: McFerren Estate, 365 Pa. 490, 496. What decedent manifestly intended to bequeath to James Robinson was the investment which he then owned in Philadelphia National Bank. The subsequent change in his investment was but a change of form and not of substance and will not defeat the manifest testamentary intent: McFerren Estate, supra.

McFerren Estate is indistinguishable from the present case. In McFerren Estate, the court found that a bequest of 50 shares each to two legatees at a time when decedent owned 100 shares, manifested an intent to bequeath to each legatee one-half of the stock which decedent then owned in the corporation. Accordingly,

each legatee was entitled to one-half of the stock owned by decedent at death, so long as no new capital had been added and no new shares purchased. The fact that the number of shares was increased because of the corporation's revision of its capitalization did not affect the entitlement of each legatee to one-half of the stock owned by decedent at death: McFerren Estate, supra.

The estate of Ellen T. Ruser, a residuary legatee, relies upon Woodward Estate, 407 Pa. 638. Woodward Estate is distinguishable in that decedent therein bequeathed a number of shares to two legatees, but the number of the shares bequeathed to the two legatees did not together equal the number of shares owned by decedent at the time of the execution of the will. Accordingly, when the number of shares owned by decedent tripled by reason of a stock split between the date of the will and the date of death, the court held that there was nothing in the surrounding circumstances or in the language of the will to permit the legatees' claims to three times the number of shares bequeathed.

The manifest intent of decedent herein was to give all of his Philadelphia Bank stock to James Robinson, not only because he bequeathed the exact number of shares which he then owned, but also because he labeled the bequest "my 21 shares of stock of the Philadelphia National Bank of Conshohocken, Pa."

The account shows a balance for distribution of $15,127.74. Said balance is insufficient to pay the specific legacies in full and they must abate proportionately. Said legacies are awarded on a *pro rata* basis as suggested under the last paragraph of the petition for adjudication, except that the legacy of stock to James Robinson is to be in the amount of 63 shares. There is no residue for distribution. . . .

And now, March 5, 1964, this adjudication is confirmed nisi.